# EXHIBIT 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
-------------------------------------------------------------------X
YVONNE RICHARDS, CLAIR WESTMORELAND
on behalf of themselves and all others
similarly situated,

|  |  |
|---|---|
| Plaintiffss, | Index No.: |
|  | **SUMMONS** |
| v. |  |
| MRS BPO, LLC; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC., in its own right and as successor to NCO FINANCIAL SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly known as NCO FINANCIAL SYSTEMS, INC.; AND JOHN AND JANE DOES 1-10, | Plaintiffs designate BRONX as the place of trial The basis of the venue is Plaintiff's residence |
| Defendants. |  |

-------------------------------------------------------------------X
To the above-named Defendant:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive

of the day of service (or within 30 days after the service is complete if this summons is not

personally delivered to you within the State of New York); and in case of your failure to appear

or answer, judgment will be taken against you by default for the relief demanded in the

complaint.

Page **1** of **19**

Dated: July 8, 2021

_____
*s/Simon Goldenberg*
Simon Goldenberg

Simon Goldenberg
LAW OFFICE OF SIMON GOLDENBERG PLLC
818 East 16th Street
Brooklyn, New York 11230
Telephone: (347) 640-4357
E-mail: simon@goldenbergfirm.com

*Attorneys for Plaintiff, Yvonne Richards and
Clair Westmoreland*

Case 1:21-cv-06659-LGS   Document 1-1   Filed 08/06/21   Page 4 of 30

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
-----------------------------------------------------------------------X

YVONNE RICHARDS, CLAIR WESTMORELAND
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

       v.

MRS BPO, LLC; NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC.,
in its own right and as successor to NCO FINANCIAL
SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly
known as NCO FINANCIAL SYSTEMS, INC.; AND
JOHN AND JANE DOES 1-10,

                Defendants.
-----------------------------------------------------------------------X

Index No.:

**CLASS-ACTION**
**COMPLAINT**

DEMAND FOR
 JURY TRIAL

       This action is brought by Plaintiffs, YVONNE RICHARDS ("RICHARDS"), CLAIR

WESTMORELAND ("WESTMORELAND"), collectively "Plaintiffs", against Defendant, MRS

BPO, LLC ("MRS"); NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4

("NCSLT");  TRANSWORLD SYSTEMS, INC., ("TSI") in its own right and as successor to

NCO FINANCIAL SYSTEMS, INC. ("NCO"); EGS FINANCIAL CARE INC., ("EGS")

formerly known as NCO FINANCIAL SYSTEMS, INC.; and JOHN AND JANE DOES 1-10

("DOES"), (collectively known as "the Parties") based on the following:

## I.      PRELIMINARY STATEMENT

      1.      Plaintiffs brings this action individually and on behalf of all others similarly

situated to seek redress for the illegal practices of Defendants, when attempting to collect alleged

debt from her, in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.

§§ 1692-1692p) and New York General Business Law § 349 (hereinafter referred to as "NYGBL")..

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

Page **4** of **19**

Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7.     When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

8.     When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

9.     When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and a class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. 15 U.S.C. § 1692k(a)(2)(A)-(B).

10.     Plaintiff seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under the FDCPA and NYGBL including, without limitation, statutory damages, attorney fees and costs.

FILED: BRONX COUNTY CLERK 07/08/2021 08:57 PM

Case 1:21-cv-06659-LGS   Document 1-1   Filed 08/06/21   Page 7 of 30

## II.    PARTIES

11.    RICHARDS is a natural person who at all times relevant to this lawsuit was a citizen of, and resided in, the Borough of Bronx, Bronx County, New York.

12.    WESTMORELAND is a natural person who at all times relevant to this lawsuit was a citizen of, and resided in, the Borough of Bronx, Bronx County, New York.

13.    Defendant MRS is a for-profit foreign limited liability company formed under the laws of the State of New Jersey.

14.    On information and belief, a principal business location of MRS is located at 930 Olney Avenue, Cherry Hill, New Jersey.

15.    MRS' registered agent in New York is National Corporate Research Ltd., 122 East 42nd Street, 18th Floor, New York, New York 10168.

16.    Defendant NCSLT is a Delaware statutory trust engaging in the business of collecting debts in this State with its principal place of business located at 800 Boylston Street, Floor 34, Boston, MA 02199. Its trustee and agent for service of process is Wilmington Trust Company, 1100 N. Market St., Rodney Sq., Wilmington, Delaware 19890.

17.    NCSLT does business in New York by virtue of the fact that it maintains an office in New York City, is organized under New York law, is composed of significantly New York debt, enters into contracts (including buying and selling its securities) in New York, has its principal place of business and principal office at 230 Park Avenue, New York, New York. NCSLT also does business in New York by virtue of the number of lawsuits it brings throughout New York, the volume of its debt collection activities throughout New York, and its use of attorneys and debt collectors located throughout New York to file the lawsuits and attempt to collect the debt.

18.     Defendant TSI is a California Domestic Corporation and a New York Foriegn Corporation with a principal place of business at 500 Virginia Drive, Suite 514, Ft. Washington, PA 19034. TSI does business in New York and regularly attempts to collect debts alleged to be due to another. TSI is, either directly or indirectly, owned by Platinum Equity, LLC. Until on or about November 3, 2014, Transworld was owned by Expert Global Solutions, Inc. Transworld is the successor to Defendant NCO Financial Systems, Inc.

19.     Defendant NCO, presently doing business as EGS Financial Care, Inc., is a Pennsylvania corporation that maintains offices at 400 Horsham Road, Suite 130, Horsham, Pennsylvania 19044. NCO does business in New York and regularly attempts to collect debts alleged to be due to another

20.     DOES are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiff will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

### III.     JURISDICTION & VENUE

21.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d).

22.     The Court has personal jurisdiction over Defendant pursuant to CPLR 301 and CPLR 302(a)(1) because Defendant transacts business within the state.

23.     Venue is appropriate in Bronx County pursuant to CPLR 503 and 509 because Plaintiff resides in Bronx County.

### IV.     FACTS RELATING TO DEFENDANT

24.     MRS regularly engages in the collection or attempted collection of defaulted consumer debts owed to others.

25.     MRS is a business, the principal purpose of which is the collection of defaulted consumer debts.

26.     In attempting to collect debts, MRS uses instruments of interstate commerce such as the mails, the telephone, the the internet.

27.     NCSLT is a trust that holds private student-loan debt that are packged into securities available for purchase.

28.     Upon information and belief, at all times relevant to the collection of the obligation allegedly owed by Plaintiff, there existed a principal-agent relationship between MRS and TSI, between TSI and NCSLT, and between MRS and NCSLT.

29.     TSI, on behalf of itself and NCSLT issued work standards, directives, and/or guidelines to MRS which contained instructions, controls, and rules governing the steps MRS could and could not take to attempt to collect debts. These instructions, controls, and rules controlled and/or substantially effected all the actions MRS took regarding the attempt to collect the educational loan debt via Exhibit A.

30.     All the actions alleged in this Complaint taken by MRS were taken by MRS as the agent and/or "debt collector" for, on behalf of, or at the request of the "debt collector" Transworld for the benefit of NCSLT.

31.     At all times pertinent hereto, at all times relevant to the collection of the obligation, MRS was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision, instructions, control and approval of TSI and NCSLT.

Page **8** of **19**

32.     Upon information and belief, at all times relevant to the collection of the obligation TSI and NCSLT directed and controlled the manner and means by which MRS attempted to collect debts from Plaintiff and the class members.

33.     As such, both TSI and NCSLT is vicariously liable for the actions of its agent, MRS.

34.     On information and belief, and based on advice of counsel, DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of MRS that are the subject of this Complaint. DOES personally control, and are engaged in, the illegal acts, policies, and practices utilized by MRS and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

## V.     FACTS RELATING TO PLAINTIFFS

35.     MRS mailed, or caused to be mailed, two letters dated July 8, 2020 ("the July Letters") to RICHARDS.

36.     MRS mailed, or caused to be mailed, two letters dated July 8, 2020 ("the July Letters") to WESTMORELAND.

37.     True and correct copies of the July Letters are attached as ***Exhibit A***, except that portions of the July Letters are redacted.

38.     On information and belief, the July Letters were mailed on or after the July Letter's date.

Page **9** of **19**

39.     The July Letters concerned financial obligations, ("the Debts"), identifying the "Creditor" as "National Collegiate Student Loan Trust 2006-4", and "National Collegiate Student Loan Trust 2007-2".

40.     The July Letters identified the "Original Lender" as "Citizens One".

41.     The Debts were placed with MRS for purposes of collection.

42.     The July Letters was MRS' first written communication to RICHARDS to attempt to collect the Debts.

43.     The July Letters was MRS' first written communication to WESTMORELAND to attempt to collect the Debts.

44.     The July Letters contended that RICHARDS owed the Debt in the amount of $20,734.72 and $42,140.97, respectively.

45.     The July Letters contended that WESTMORELAND owed the Debts in the amount of $20,734.72 and $42,140.97, respectively.

46.     The RICHARDS Debts arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

47.     On or about August 6, 2020, through the undersigned counsel, Plaintiffs, caused to be mailed a dispute letter to MRS indicating that they disputed the Debts and requested documents to support the claim that they owed the Debts.

48.     On or about August 11, 2020 in response to the dispute letter, MRS provided the Plaintiffs with a copy of a Loan Request/Credit Agreement for the Debts identifying the Lender as "Charter One Bank, N.A.", not Citizens One as previously indicated on the July Letters.

Page **10** of **19**

49.     On or about January 13, 2021 RICHARDS received a collection letter from American Coradius International, LLC (the "ACI Letter") referencing the Debts.

50.     A true and correct copy of the ACI Letter is attached as ***Exhibit B***, except that portions of the ACI Letter are redacted.

51.     The ACI Letter correctly identified the Original Creditor as "Charter One Bank, N.A.".

52.     The July Letters falsely lead the least sophisticated consumer to believe that the original creditor and the creditor to whom the debt is owed is Citizens One.

53.     The Letters contain false statement when identifying Citizens One as the "Original creditor".

54.     The false statements in the July Letters could easily mislead the least sophisticated consumer as to the nature and legal status of the debt and could impede the consumer's ability to respond and/or request validation.

55.     The inaccuracy in identifying the original lender was misleading to the least sophisticated consumer and misstates the character of the Debts.

56.     The Letters deprived RICHARDS and WESTMORELAND of truthful, material, non-misleading information in connection with MRS' attempt to collect a debt.

57.     These violations by Defendants were knowing, willful, negligent and/or intentional and Defendants did not maining procedures reasonably adapted to avoid such violations.

58.     MRS' collection efforts with respect to the Debts caused Plaintiffs to suffer concrete and particularized harm because the FDCPA provides Plaintiffs with the legally

Page **11** of 19

protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

## VI.   CAUSE OF ACTION FOR VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

59.     The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

60.     MRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

61.     NCSLT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

62.     TSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

63.     EGS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

64.     DOES are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

65.     The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

66.     RICHARDS is a "consumer" as defined by 15 U.S.C. § 1692a(3).

67.     WESTMORELAND is a "consumer" as defined by 15 U.S.C. § 1692a(3).

68.     ***Exhibit A*** are "communications" as defined by 15 U.S.C. § 1692a(2).

69.     The use and mailing of ***Exhibit A*** by MRS violated the FDCPA in one or more following ways:

(1)     Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

(2)     Falsely misrepresenting the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A);

(3)     Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10) and

(4)      Failing in an initial communication to identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

70.      Defendants NCSLT, TSI, and EGS are vicariously liable for the actions of its agent, MRS, a debt collector, in violation of the FDCPA.

## VII.   CAUSE OF ACTION FOR VIOLATION OF NEW YORK GENERAL BUSINESS LAW SECTION 349

71. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

72. NYGBL § 349 declares unlawful deceptive acts or practices in the conduct of any business, trade or commerce, or in the furnishing of any service of this state.

73. At all times material to this complaint, Defendants' deceptive acts and practices that gave rise to the claims herein occurred while Defendants conducted its business of collecting consumer debts. Deceptive acts and practices in the context of consumer-debt collection is a recognizable cause of action.

74. Across New York State, NYGBL § 349 has been found broad enough to include debt collection and other post-sale acts, and several courts have applied the statute to debt collection.

75. Defendants owed a duty to plaintiff to effectuate its collection of plaintiff's alleged debt with reasonable care and without deception.

76. Defendants breached its duty to collect plaintiff's debt with reasonable care and without deception.

77. MRS's act of misrepresenting the identity of the creditor is a deceptive act and practice.

78. Said deceptive act and practice was committed by MRS in the conduct of a business, trade, or commerce or the furnishing of a service in the State of New York and constitutes a violation of NYGBL § 349.

79. The conduct complained of in this complaint occurred during, and in furtherance of, Defendants' for-profit business enterprise of pursuing consumers for alleged defaulted debt obligation.

80. Defendants' acts and practices have been directed entirely at consumers.  Defendants' acts and practices have a broad impact on the New York consuming public and the courts of the State of New York.

81. Defendants' collection acts are part of a recurring practice against large numbers of consumers in furtherance of its business model of increasing debt volume while decreasing the costs of each case, thus enhancing profitability.

82. Defendants' offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because they deprive consumers of state and federal rights and protections.  These acts contribute to an increasing number of personal bankruptcies, and lead to marital instability and job loss, all of which are significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

83. The acts and omissions complained of in this complaint under the preceding cause of action amount to "deceptive acts and practices" as defined under NYGBL § 349 and the case law interpreting it.

84. Some or all of the FDCPA violations alleged in this complaint amount to *per se* violations of NYGBL § 349.

85. Upon receipt of defendant's collection communications, plaintiff was surprised, confused, upset and annoyed that defendant would communicate with her directly despite defendant's knowledge that she was represented by counsel in the matter of the debt.

86. As a result of the violations, Plaintiff suffered actual damages as set forth in this Complaint.

87. As a result of these violations of NYGBL § 349, the plaintiff is entitled to an injunction barring Defendants from engaging in deceptive acts and practices, and to recover damages in an amount to be determined at the time of trial, plus costs, and reasonable attorney's fees pursuant to NYGBL § 349(h).

88. Defendants NCSLT, TSI, and EGS are vicariously liable for the actions of its agent, MRS, a debt collector, in violation of NYGBL § 349.

## VIII.   CLASS ALLEGATIONS

89.     The July Letters are form letters. Specifically, the July Letters were created by merging electronically-stored information specific to the Debts (including but not limited to the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template, and printing the result. In effect, the Debt-specific information is used to populate the blanks in the template to produce the Letters.

90.     MRS' conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff, both individually and on behalf of similarly situated individuals, pursuant to NY CLS CPLR § 901.

91.     *Class Definition.* Plaintiff seeks to certify a Class.The Class is defined as:

> All natural persons to whom MRS mailed a written communication in the form of *Exhibit A* to a New York address during the Class Period beginning on July 8, 2020 and ending on July 31, 2021 to collect a Debt identifying the Original Creditor as Citizens One when the correct Original Lender is Charter One Bank, N.A.

Page **15** of 19

FILED: BRONX COUNTY CLERK 07/08/2021 08:57 PM

Case 1:21-cv-06659-LGS   Document 1-1   Filed 08/06/21   Page 17 of 30

92.     Class members' identities are readily ascertainable from MRS' business records.

93.     ***Class Claims.*** The Class Claims are the claims which each Class member may have for any violation of the FDCPA arising from MRS having sent a written communication in the same form as ***Exhibit A.***

94.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of NY CLS CPLR § 901because there is a well-defined community interest in the litigation:

(a)     ***Numerosity.*** On information and belief, the Class are so numerous that joinder of all members would be impractical and includes at least 40 members.

(b)     ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the Class and those questions predominate over any issues involving only individual Class members because those questions concern the same conduct by Defendant with respect to each Class member.

(c)     ***Typicality.*** The claims of Plaintiff are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

(d)     ***Adequacy.*** Plaintiff will fairly and adequately protect the interests of the Class members insofar as he has no interests that are adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

Page **16** of **19**

95.     Certification of a class under NY CLS CPLR § 901 is appropriate in that a class
action is superior to other available methods for the fair and efficient adjudication of the
controversy.

96.     Based on discovery and further investigation (including, but not limited to,
disclosure by Defendant of Class size and net worth), Plaintiff may seek class certification:
(a) only as to particular issues as permitted under NY CLS CPLR § 906, (b) using a modified
definition of the Class, or the claims of the Class; and (c) a different Class Period.

## IX.     PRAYER FOR RELIEF

97.     WHEREFORE, Plaintiff demand judgment against MRS. Specifically, Plaintiffs
request entry of an Order:

(1)     Find that DEFENDANTS' actions violate the FDCPA;

(2)     Find that DEFENDANTS' actions violate NYGBL;

(3)     Certifying that this action may be maintained as a class action pursuant to
NY CLS CPLR § 901 including, but not limited to, defining the Class
and the Class claims, issues, or defenses, and appointing the undersigned
counsel as class counsel;

(4)     Awarding an incentive award to Plaintiffs for their services on behalf of
the Class;

(5)     Awarding damages and attorneys fees pursuant to NYGBL § 349;

(6)     Awarding statutory damages to Plaintiffs pursuant to 15 U.S.C.
§ 1692k(a)(2);

(7)     Awarding attorney's fees, litigation expenses, and costs pursuant to 15
U.S.C. § 1692k(a)(3);

Page **17** of **19**

Case 1:21-cv-06659-LGS Document 1-1 Filed 08/06/21 Page 19 of 30

(8)     Awarding, to the extent the recovery of attorney's fees, litigation

expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative

tax consequence to Plaintiff, a sum sufficient to ameliorate such

consequences; and

(9)     Providing for such other and further relief as may be just and proper.

## X.     JURY DEMAND

98.     Trial by jury is demanded on all issues so triable.

Dated: July 8, 2021

_s/Simon Goldenberg_
Simon Goldenberg

Simon Goldenberg
LAW OFFICE OF SIMON GOLDENBERG PLLC
818 East 16th Street
Brooklyn, New York 11230
Telephone: (347) 640-4357
E-mail: simon@goldenbergfirm.com

_Attorneys for Plaintiff, Yvonne Richards and_
_Clair Westmoreland_

To:
MRS BPO, LLC
NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4
TRANSWORLD SYSTEMS, INC.,
EGS FINANCIAL CARE INC.,

Page **18** of **19**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
--------------------------------------------------------------------X

YVONNE RICHARDS, CLAIR WESTMORELAND
on behalf of themselves and all others
similarly situated

                                                    Index No.:

                      Plaintiff,

        v.

MRS BPO, LLC; NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2006-4; TRANSWORLD SYSTEMS, INC.,
in its own right and as successor to NCO FINANCIAL
SYSTEMS, INC.; EGS FINANCIAL CARE INC., formerly
known as NCO FINANCIAL SYSTEMS, INC.; AND
JOHN AND JANE DOES 1-10,

                      Defendant.

--------------------------------------------------------------------X

## SUMMONS AND COMPLAINT

Law Office of Simon Goldenberg PLLC

Attorneys for

YVONNE RICHARDS
CLAIR WESTMORELAND
Plaintiff

818 East 16th Street
Brooklyn, NY 11230
(347) 640- 4357

# EXHIBIT A

FILED: BRONX COUNTY CLERK 07/08/2021 08:57 PM INDEX NO. 809418/2021E
NYSCEF DOC. NO. 2 Case 1:21-cv-06659-LGS Document 1-1 Filed 08/06/21 Page 22 of 30 RECEIVED NYSCEF: 07/08/2021

S-SFMRSA11
PCEX4S00300063 - 628198068 I00126
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



CHERRY HILL NJ 08003
800-932-4491

Office Hours:
Monday - Thursday    9am - 9pm ET
Friday                          9am - 5pm ET

YVONNE RICHARDS

BRONX NY 10469-3706

July 8, 2020

> CREDITOR: NATIONAL COLLEGIATE STUDENT LOAN TRUST
> 2006-4
> ORIGINAL LENDER: CITIZENS ONE
> CREDITOR ACCT#: xxxxPHEA
> MRS ACCT#: LU1.**13071911**
> PRINCIPAL BALANCE: $20,285.86
> INTEREST BALANCE: $448.86
> **ACCOUNT BALANCE : $20,734.72**

Dear YVONNE RICHARDS,

The above referenced creditor has placed your account with our office for collection. We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations.

Resolving a long overdue debt is never easy. Often the hardest part is taking the first step. We are ready to assist you to find a solution that is both fair and reasonable.

### IMPORTANT CONSUMER INFORMATION

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe $20,734.72. Because interest may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check. For further information, write the undersigned or call 800-932-4491.

| | | |
|---|---|---|
| The total amount of the debt due as of charge-off | $ | 20,285.86 |
| The total amount of interest accrued since charge-off | $ | 448.86 |

Sincerely,

MRS Associates
800-932-4491
MRS Associates is a trade name of MRS BPO, L.L.C.

> Tax time is a great time to put issues like this behind you. Consider using any possible tax refund you may receive to satisfy your outstanding obligation.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

S-SFMRSA11
PCEX4S00300064 - 628198069 i00128
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

Send Payment Correspondence To:
MRS Associates
1930 Olney Avenue
CHERRY HILL NJ 08003
800-932-4491

Office Hours:
Monday - Thursday  9am - 9pm ET
Friday                        9am - 5pm ET



YVONNE RICHARDS

BRONX NY 10469-3706

July 8, 2020

| CREDITOR: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2 |
| ORIGINAL LENDER: CITIZENS ONE |
| CREDITOR ACCT#: xxxxPHEA |
| MRS ACCT#: LU1.**13071916** |
| PRINCIPAL BALANCE: $41,239.76 |
| INTEREST BALANCE: $901.21 |
| **ACCOUNT BALANCE : $42,140.97** |

Dear YVONNE RICHARDS,

The above referenced creditor has placed your account with our office for collection. We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations.

Resolving a long overdue debt is never easy. Often the hardest part is taking the first step. We are ready to assist you to find a solution that is both fair and reasonable.

### IMPORTANT CONSUMER INFORMATION

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe $42,140.97. Because interest may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check. For further information, write the undersigned or call 800-932-4491.

| The total amount of the debt due as of charge-off | $ | 41,239.76 |
| The total amount of interest accrued since charge-off | $ | 901.21 |

Sincerely,

MRS Associates
800-932-4491
MRS Associates is a trade name of MRS BPO, L.L.C.

> Tax time is a great time to put issues like this behind you. Consider using any possible tax refund you may receive to satisfy your outstanding obligation.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

S-SFMRSA11
PCEX4S00300065 - 628198071 I00130
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

CHERRY HILL NJ 08003
800-932-4491

Office Hours:
Monday - Thursday   9am - 9pm ET
Friday                      9am - 5pm ET



CLAIR WESTMORELAND

BRONX NY 10469-3706

July 8, 2020

CREDITOR: NATIONAL COLLEGIATE STUDENT LOAN TRUST
2006-4
ORIGINAL LENDER: CITIZENS ONE
CREDITOR ACCT#: xxxxPHEA
MRS ACCT#: LU1.**13071911**
PRINCIPAL BALANCE: $20,285.86
INTEREST BALANCE: $448.86
**ACCOUNT BALANCE : $20,734.72**

Dear CLAIR WESTMORELAND,

The above referenced creditor has placed your account with our office for collection. We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations.

Resolving a long overdue debt is never easy. Often the hardest part is taking the first step. We are ready to assist you to find a solution that is both fair and reasonable.

### IMPORTANT CONSUMER INFORMATION

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe $20,734.72. Because interest may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check. For further information, write the undersigned or call 800-932-4491.

| | |
|---|---|
| The total amount of the debt due as of charge-off | $   20,285.86 |
| The total amount of interest accrued since charge-off | $        448.86 |

Sincerely,

MRS Associates
800-932-4491
MRS Associates is a trade name of MRS BPO, L.L.C.

Tax time is a great time to put issues like this behind you. Consider using any possible tax refund you may receive to satisfy your outstanding obligation.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**



S-SFMRSA11
PCEX4S00300066 - 628198072 I00132
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

CHERRY HILL NJ 08003
800-932-4491

Office Hours:
Monday - Thursday   9am - 9pm ET
Friday   9am - 5pm ET

ս1ՈՈ1ս0Ո1Ո11ՈՈ1ս1Ո11Ո1ս11ս11ս1ս1ս1
CLAIR WESTMORELAND

BRONX NY 10469-3706

July 8, 2020

| CREDITOR: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2 |
| ORIGINAL LENDER: CITIZENS ONE |
| CREDITOR ACCT#: xxxxPHEA |
| MRS ACCT#: LU1.**13071916** |
| PRINCIPAL BALANCE: $41,239.76 |
| INTEREST BALANCE: $901.21 |
| **ACCOUNT BALANCE : $42,140.97** |

Dear CLAIR WESTMORELAND,

The above referenced creditor has placed your account with our office for collection. We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations.

Resolving a long overdue debt is never easy. Often the hardest part is taking the first step. We are ready to assist you to find a solution that is both fair and reasonable.

### IMPORTANT CONSUMER INFORMATION

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe $42,140.97. Because interest may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check. For further information, write the undersigned or call 800-932-4491.

| The total amount of the debt due as of charge-off | $ | 41,239.76 |
| The total amount of interest accrued since charge-off | $ | 901.21 |

Sincerely,

MRS Associates
800-932-4491
MRS Associates is a trade name of MRS BPO, L.L.C.

Tax time is a great time to put issues like this behind you. Consider using any possible tax refund you may receive to satisfy your outstanding obligation.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

# EXHIBIT B

37 Rust Lane
BOERNE, TX 78006-8288

For Mail Return Only


ACI

American Coradius International LLC
Toll Free: 1-855-224-5187

| **Current Creditor:** | NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2 |
| **Original Creditor:** | CHARTER ONE BANK, N.A. |
| **Account Number:** | ▆▆▆▆▆-PHEA |
| **Reference Number:** | 14735005 |
| **Account Balance:** | $43,239.52 |
| **Amount Remitted:** | $ |

January 13, 2021

1 MB    *A-02-51B-AM-00272-2

YVONNE RICHARDS

BRONX NY 10469-3706

**Make Checks Payable to:**

AMERICAN CORADIUS INTERNATIONAL LLC
2420 SWEET HOME RD STE 150
AMHERST NY 14228-2244

---

*PLEASE DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT IN THE ENVELOPE PROVIDED*

| Current Creditor | Original Creditor | Account # | Account Balance |
|---|---|---|---|
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2 | CHARTER ONE BANK, N.A. | ▆▆▆▆▆-PHEA | $43,239.52 |

Dear Yvonne Richards

We are writing to you regarding your NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2 account. This account has been placed with our office for collection.

As of the date of this letter you owe $43,239.52. Because of interest, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your payment. If an adjustment is made, we may attempt to contact you again about the adjustment.

* Total amount of the debt due as of charge-off: $41,239.76

* Total amount of interest accrued since charge-off: $1,999.76

* Total amount of non-interest charges or fees accrued since charge-off: $0.00

* Total amount of payments made on the debt since the charge-off: $0.00

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Evan Roth
American Coradius International LLC
A Professional Debt Recovery Agency

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
Calls to or from this company may be monitored or recorded for quality assurance purposes.

Please contact us to confirm your preferred language for future communications. All communications are in English with the following exception: Spanish-speaking agents are available by phone upon request and other telephone translations may be available through LanguageLine Solutions, a third party service provider. Written communications may be available in Spanish upon request. A translation and description of commonly-used debt collection terms is available in multiple languages at www.nyc.gov/dca.

This collection agency is licensed by the Department of Consumer Affairs of the City of New York, License # 1308352.

For your convenience, you may pay online. Logon to  www.acibillpay.com  to see the repayment options available to you. You will need your ACI reference number 14735005 available when you log in.

## NOTICE: PLEASE SEE SECOND PAGE FOR IMPORTANT INFORMATION

Office Address: 2420 Sweet Home Rd Ste 150, Amherst NY 14228-2244
Hours of Operation: Mon-Tues: 8AM-8PM, Wed-Fri: 8AM-5PM EST

ACIL
NTC1M

*ACI*

American Coradius International LLC
Toll Free: 1-855-224-5187

## Important Information

We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice. Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

   (i) the use or threat of violence;
   (ii) the use of obscene or profane language; and
   (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

Office Address: 2420 Sweet Home Rd Ste 150, Amherst NY 14228-2244
Hours of Operation: Mon-Tues: 8AM-8PM, Wed-Fri: 8AM-5PM EST

ACIL
NTC1M

37 RUST LP
BOERNE, TX 78006-8288
For Mail Return Only

**ACI**

American Coradius International LLC
Toll Free: 1-855-224-5187

| **Current Creditor:** | NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4 |
|---|---|
| **Original Creditor:** | CHARTER ONE BANK, N.A. |
| **Account Number:** | -PHEA |

| **Reference Number:** | 14734903 |
|---|---|
| **Account Balance:** | $21,284.22 |
| **Amount Remitted:** | $ |

January 13, 2021

1 MB   *A-02-51B-AM-00271-2

YVONNE RICHARDS

BRONX NY 10469-3706

**Make Checks Payable to:**

AMERICAN CORADIUS INTERNATIONAL LLC
2420 SWEET HOME RD STE 150
AMHERST NY 14228-2244

---

*PLEASE DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT IN THE ENVELOPE PROVIDED*

---

| **Current Creditor** | **Original Creditor** | **Account #** | **Account Balance** |
|---|---|---|---|
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4 | CHARTER ONE BANK, N.A. | PHEA | $21,284.22 |

Dear Yvonne Richards

We are writing to you regarding your NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4 account. This account has been placed with our office for collection.

As of the date of this letter you owe $21,284.22. Because of interest, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your payment. If an adjustment is made, we may attempt to contact you again about the adjustment.

\* Total amount of the debt due as of charge-off: $20,285.86

\* Total amount of interest accrued since charge-off: $998.36

\* Total amount of non-interest charges or fees accrued since charge-off: $0.00

\* Total amount of payments made on the debt since the charge-off: $0.00

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Evan Roth
American Coradius International LLC
A Professional Debt Recovery Agency

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
Calls to or from this company may be monitored or recorded for quality assurance purposes.

Please contact us to confirm your preferred language for future communications. All communications are in English with the following exception: Spanish-speaking agents are available by phone upon request and other telephone translations may be available through LanguageLine Solutions, a third party service provider. Written communications may be available in Spanish upon request. A translation and description of commonly-used debt collection terms is available in multiple languages at www.nyc.gov/dca.

This collection agency is licensed by the Department of Consumer Affairs of the City of New York, License # 1308352.

For your convenience, you may pay online. Logon to www.acibillpay.com to see the repayment options available to you. You will need your ACI reference number 14734903 available when you log in.

### NOTICE: PLEASE SEE SECOND PAGE FOR IMPORTANT INFORMATION

Office Address: 2420 Sweet Home Rd Ste 150, Amherst NY 14228-2244
Hours of Operation: Mon-Tues: 8AM-8PM, Wed-Fri: 8AM-5PM EST

ACIL
NTC1M

ACI

American Coradius International LLC
Toll Free: 1-855-224-5187

## Important Information

We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice. Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(i) the use or threat of violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

Office Address: 2420 Sweet Home Rd Ste 150, Amherst NY 14228-2244
Hours of Operation: Mon-Tues: 8AM-8PM, Wed-Fri: 8AM-5PM EST

ACIL
NTC1M